UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CORKY JOE MAURER,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS, and CORRECTIONAL MEDICAL SERVICES,

Defendants.

Civil File No. 00-468 (MJD/JMM)

**ORDER**

The above matter is before the Court upon Plaintiff's application for leave to proceed <u>in forma pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 1.) The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. By no later than April 7, 2000, Plaintiff shall pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), of not less than $6.79, failing which it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b);

2. By no later than April 7, 2000, Plaintiff shall file an Amended Complaint, using the Complaint Form prescribed by Local Rule 9.3, failing which it will be recommended that this action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b);

FILED MAR 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. The Clerk of Court shall provide Plaintiff with a copy of the Complaint Form prescribed by Local Rule 9.3; and

4. For each Defendant to be served by the U.S. Marshal, Plaintiff shall submit one extra copy of his Amended Complaint, and one properly completed application for marshal service -- Form USM-285.

Dated: March 15, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Plaintiff in this action is a prisoner of the State of Minnesota who is currently incarcerated at the Mt. Pleasant Correctional Facility in Mt. Pleasant, Iowa. He commenced this action in the U.S. District Court for the Southern District of Iowa by filing an application seeking leave to proceed in forma pauperis, ("IFP"). Although Plaintiff's IFP application was accompanied by a pleading entitled "Complaint," (Docket No. 4), the Clerk of Court did not file that document until he was directed to do so by an Order dated January 24, 2000. (Docket No. 2.) That same Order advised Plaintiff that his IFP application would not be adjudicated, until after he furnished the prison trust account information required by 28 U.S.C. § 1915(a)(2).[1]

---

[1] 28 U.S.C. § 1915(a)(2) provides that:

"A prisoner seeking to bring a civil action or appeal a judgment

Thereafter, Plaintiff submitted the prison trust account information required by § 1915(a)(2). He simultaneously filed a "Motion For Change Of Venue," (Docket No. 5), asking that this matter be transferred to Minnesota. By Order dated February 24, 2000, (Docket No. 6), the Iowa District Court granted Plaintiff's request, and directed that this case be transferred to this District. The file arrived here on or about March 2, 2000.

According to Plaintiff's prison trust account information, (see Docket No. 5, attachment), his average monthly deposit during the preceding six months was $33.96, and his average monthly balance during the same period was $24.11. Because the average monthly deposit amount is greater than the average monthly balance, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount; i.e., $6.79, ($33.96 x 20% = $6.79). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments, as provided by § 1915(b)(2).

When Plaintiff prepared his original pleading in this case, he did not use the Complaint Form for prisoner civil rights actions filed in this District. Thus, Plaintiff's

---

in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under [28 U.S.C. § 1915(a)(1)] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

pleading does not conform to the requirements of our Local Rule 9.3.[2] To further complicate matters, Plaintiff has submitted certain additional papers that apparently were intended to supplement his original pleading. Those papers are not listed on the Clerk's docket sheet, however, and their current status is unclear. Given these circumstances, the Court finds that it would be most appropriate to require Plaintiff to submit an entirely new pleading on the Complaint Form to be used in prisoner civil rights actions filed in this District. The Clerk of Court will be directed to send Plaintiff a copy of the prescribed form.

Plaintiff's new pleading shall –

(a) be clearly identified as "Amended Complaint;"

(b) be submitted on the form prescribed by Local Rule 9.3;

(c) state all of his legal claims and supporting factual allegations against all Defendants, without reference to any of his prior submissions in this case;

(d) set forth Plaintiff's averments in separately numbered paragraphs, as required by Fed. R. Civ. P. 10(b); and

(e) clearly describe what each individual Defendant allegedly did or failed to do that has caused such Defendant to be sued.

---

[2] L.R. 9.3, "STANDARD FORMS FOR HABEAS CORPUS PETITIONS AND MOTIONS," requires that

> "Petitions for a Writ of Habeas Corpus, whether brought by a state or federal prisoner, motions filed pursuant to 28 U.S.C. § 2255, and complaints brought by prisoners under 42 U.S.C. § 1983 or any other Civil Rights statute shall be submitted for filing in a form which is substantially in compliance with forms available from the Clerk of Court."

Plaintiff will be required to submit both his initial partial filing fee of $ 6.79, and his Amended Complaint, by no later than April 7, 2000. If both the required fee and the Amended Complaint have been received by that date, the case will go forward. If that occurs, the Amended Complaint will first be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's Amended Complaint survives such screening will the Court grant IFP status and order that a summons be issued and that Defendant be served by the U.S. Marshal. If Plaintiff fails to submit either his initial partial filing fee or his Amended Complaint in a timely manner, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Finally, the Court notes that Plaintiff has not submitted Marshal Service Forms or extra copies of his pleading for the Defendants who are to be served in this case. Even if Plaintiff does submit his initial partial filing fee and Amended Complaint in a timely manner, service of process by the U.S. Marshal will not be ordered unless Plaintiff submits a properly completed Marshal Service Form, (Form USM-285), and an extra copy of the Amended Complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). Marshal Service Forms can be obtained from the Clerk of Court upon request.

J.M.M.