UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CORKY JOE MAURER,

Plaintiff,

v.

R. WACHTEN, C.O.,

Defendants.

Civil No. 00-468 (MJD/JMM)

ORDER

Plaintiff commenced this action on January 5, 2000, by submitting several documents to the U.S. District Court for the Southern District of Iowa. The Iowa Court determined that Plaintiff was seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. Because it appeared that Plaintiff's claims arose out of events that occurred in Minnesota, that Court granted Plaintiff's later request to have the case transferred to this District. (Order dated February 24, 2000; [Docket No. 6].)

When Plaintiff commenced this action, he did not tender the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 1.) The Iowa Court did not address Plaintiff's IFP application before transferring the case to Minnesota. Therefore, when the file arrived here, this Court reviewed the matter and determined that Plaintiff would have to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b), in the amount of $6.79. (Order dated March 15, 2000; [Docket No. 7].) The Court also directed Plaintiff to file an Amended Complaint by no later than April 7, 2000.

FILED APR 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff has now complied with the Court's prior order by paying his initial partial filing fee, (Docket No. 8), and by filing an Amended Complaint, (Docket No. 9) -- both in a timely manner. Plaintiff also has filed a motion asking the Court to appoint counsel to represent him in this action. (Docket No. 10.)

A. IFP Application

Plaintiff's IFP application will be GRANTED, which means that he will be allowed to maintain his present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee, ($143.21), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the named Defendant, R. Wachten, served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). The Clerk will therefore be directed to issue a summons, and the U.S. Marshal will be directed to effect service of process on the named Defendant.

The Court will presently defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) If service of process is effected on Defendant, he shall be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendant will be apprised of his obligation to file a responsive pleading.

B. Request For Appointment Of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 10.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter demonstrate that he has been able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's request for counsel will be denied.

Based on the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 1), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall send a copy of this Order to the institution where Plaintiff is confined to provide notice of this requirement;

3. A summons shall be issued, and service of process shall be performed by the U.S. Marshal on Defendant R. Wachten;

4. A copy of this Order shall be served together with the summons and a copy of Plaintiff's Amended Complaint;

5. If service of process is effected on Defendant, he will be required to file a response to Plaintiff's pleading; and

6. Plaintiff's Application For Appointment of Counsel, (Docket No. 10), is DENIED.

Dated: April 7, 2000

JOHN M. MASON
United States Magistrate Judge